IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLORADO
The Honorable Michael E. Romero

| | |
|---|---|
| In re:<br><br>Logan Beck<br><br>    Debtor. | Case No. 25-11438 MER<br><br>Chapter 7 |
| State of Colorado<br><br>    Plaintiff,<br><br>v.<br><br>Logan Beck and Acme Revival, Inc.<br><br>    Defendants. | Adversary No. 25-01184 MER |

**ORDER GRANTING MOTION TO DISMISS**

    THIS MATTER comes before the Court on the Motion to Dismiss Amended Complaint ("**Motion**") filed by Acme Revival, Inc. ("**Acme**"), the State of Colorado's (the "**State**") response thereto, and Acme's reply.[1]

**BACKGROUND**

    The State commenced this adversary proceeding against Debtor/Defendant Logan Beck ("**Beck**") and Beck's non-debtor company, Acme, on June 20, 2025. On August 7, 2025, Acme filed its first motion to dismiss ("**First Dismissal Motion**") asserting, among other things, it should be dismissed from this proceeding because the Court lacks subject matter jurisdiction to adjudicate any claims as they relate to Acme as it is not a party to Beck's bankruptcy case, the State failed to state any claims upon which relief can be granted against Acme, and because Acme is not a necessary party.[2] During a hearing on September 2, 2025, the State advised the Court it intended to amend its complaint to address the arguments made in the First Dismissal Motion. As such, the Court denied the First Dismissal Motion without prejudice and ordered the State to file an amended complaint.[3]

---

[1] ECF Nos. 41, 43, & 44.

[2] ECF No. 30.

[3] ECF Nos. 36 & 37.

The State filed its amended complaint on September 5, 2025.[4] In its amended complaint, the State asserts eight claims for relief. Only the State's seventh claim for related injunctive relief is asserted against Acme.[5] The remaining claims are asserted against Beck only. In support of its seventh claim, the State asserts that Acme engaged in misleading and deceptive trade practices in violation of the Colorado Consumer Protection Act ("**CCPA**"). Alternatively, the State asserts Acme pursued a joint or common interest with Beck to violate the CCPA. Therefore, the State requests that the Court issue an injunction pursuant to 11 U.S.C. § 105(a) prohibiting Acme from continuing its misleading and deceptive trade practices that violate the CCPA.

Acme filed the instant Motion on September 8, 2025, reasserting the arguments in the First Dismissal Motion. Additionally, Acme asserts that the state court is the best forum to hear these issues, as this Court lacks jurisdiction to adjudicate claims against Acme.[6] The State disagrees. It asserts its claim against Acme constitutes a core proceeding because Acme is Beck's alter ego and because an injunction against Acme would affect the administration of the estate. Alternatively, the State asserts that, at the very least, this Court has jurisdiction because an injunction against Acme would affect the administration and/or liquidation of estate assets. Lastly, the State contends that neither mandatory nor permissive abstention is appropriate because Acme has not properly moved for either.

## ANALYSIS

**A.    The Court Does Not Have Subject Matter Jurisdiction Over Acme**

Acme asserts the State's claim must be dismissed because the Court lacks subject matter jurisdiction to adjudicate it. Because the Court will have to dismiss the State's claim against Acme if it finds it does not have subject matter jurisdiction, the Court must first address whether it has jurisdiction over claims against Acme before it can address anything else.[7]

Rule 12(b)(1) requires a court to dismiss a complaint for lack of subject matter jurisdiction.[8] "Dismissal under Rule 12(b)(1) is not a judgment on the merits of a plaintiff's case, but only a determination that the court lacks authority to adjudicate the matter."[9] A case must be dismissed once it becomes apparent that jurisdiction is

---

[4] ECF No. 38.

[5] This claim is also asserted against Beck.

[6] ECF No. 41, ¶ 32.

[7] *In re Ellicott Springs Resources, LLC*, 485 B.R. 626, 634 (Bankr. D. Colo. 2013) ("If the Court lacks subject matter jurisdiction, then it must dismiss this action.").

[8] Any use of the term "Rule" hereafter means the Federal Rules of Bankruptcy Procedure unless otherwise stated.

[9] *Brickert v. Deutsche Bank Nat'l Trust Co.*, 380 F.Supp.3d 1127, 1134 (D. Colo. 2019) (*citing Castaneda v. INS*, 23 F.3d 1576, 1580 (10th Cir. 1994)).

lacking.[10]  "A Rule 12(b)(1) motion to dismiss must be determined from the allegations of fact in the complaint, without regard to mere conclusory allegations of jurisdiction."[11]  Generally, Rule 12(b)(1) motions to dismiss take two forms: (1) a facial attack on the complaint's allegations as to subject matter jurisdiction; or (2) a challenge of the facts upon which subject matter jurisdiction rests.[12]  Here, Acme's Rule 12(b)(1) motion appears to fall into the first category.  As such, the court must accept the allegations in the complaint as true.[13]  The State, as the party asserting jurisdiction, bears the burden of establishing that the Court has subject matter jurisdiction over its claim against Acme.[14]

"Congress limited and defined the subject matter jurisdiction of the bankruptcy courts in § 1334."[15]  Bankruptcy courts may exercise jurisdiction over three types of proceedings: (1) cases under Title 11; (2) civil proceedings "arising under" or "arising in" a case under Title 11; and (3) civil proceedings "related to" cases under Title 11.[16]  "Related to proceedings are those that do not depend on bankruptcy law for their existence.  A non-bankruptcy court could hear and determine related to proceedings."[17]  For the Court to have subject matter jurisdiction over the State's claim against Acme, it must find that it has jurisdiction under one of these three categories.[18]

Here, the State asserts the Court has subject matter jurisdiction to adjudicate its claim against Acme because its claim is a "core proceeding."  The State contends its claim against Acme is a core proceeding because Acme is the Debtor's alter ego and is property of the estate.[19]  As such, the State argues that an injunction against Acme "may limit Acme's ability to operate on behalf and for the benefit of the Debtor's estate."[20]  Alternatively, the State argues that even if its claim isn't considered a core proceeding, the Court still has related to jurisdiction because an injunction against Acme

---

[10] *Id.*; *In re Ellicott Springs Resources, LLC*, 485 at 634.

[11] *Brickert*, 380 F.Supp.3d at 1134 (*citing Smith v. Plati*, 258 F.3d 1167, 1174 (10th Cir. 2001)).

[12] *In re Ellicott Springs Resources, LLC*, 485 B.R. at 634-35.

[13] *Id.* at 634.

[14] *Butler v. Kempthorne*, 532 F.3d 1108, 1110 (10th Cir. 2008).

[15] *In re Play Membership Golf, Inc.*, 576 B.R. 15, 20 (Bankr. D. Colo. 2017) (*citing Celotex Corp. v. Edwards*, 514 U.S. 300, 307 (1995)). Any use of term "Section" or "§" hereafter means Title 28 of the United States Code unless otherwise stated.

[16] *Id.*; *Gardner v. United States (In re Gardner)*, 913 F.2d 1515, 1518 (10th Cir. 1990).

[17] *In re Play Membership Golf, Inc.*, 576 B.R. at 21 (quotations omitted).

[18] *Id.*

[19] 11 U.S.C. § 157(b)(2)(A) & (b)(2)(O).

[20] ECF No. 41, ¶ 9.

would limit both its and Beck's "rights, liabilities, options, or freedom of action," therefore impacting the administration of the bankruptcy estate."[21]

### 1. The State's Seventh Claim Against Acme Is Not a Core Proceeding

Section 157 sets forth fifteen non-exclusive categories of core proceedings.[22] The Court has discretion to determine whether a proceeding is a core proceeding or if a proceeding is otherwise related to a case under Title 11.[23] This Court, as with all bankruptcy courts, has jurisdiction over core proceedings.[24]

The State asserts its claim against Acme is a core proceeding pursuant to § 157(b)(2)(A) and (b)(2)(O). Section 157(b)(2)(A) states that matters concerning the administration of the estate constitute a core proceeding. In contrast, § 157(b)(2)(O) says that proceedings that affect the liquidation of estate assets or the debtor-creditor relationship are core. The State doesn't give specific examples of how entering an injunction against Acme would affect the administration and/or liquidation of Beck's bankruptcy estate. Rather, the State asserts that an injunction would affect administration of the estate since Acme is estate property, and that an injunction would limit Acme's ability to operate on behalf and for the benefit of the estate.

The Court fails to see how an injunction against Acme would affect the Trustee's administration of the estate. Beck filed for relief under Chapter 7 of the Bankruptcy Code. When a debtor files for relief under Chapter 7, his assets are liquidated, and the proceeds are distributed to his creditors.[25] "Crucially, however, a Chapter 7 estate does not include the wages a debtor earns or the assets he acquires *after* the bankruptcy filing."[26] This means that any post-petition revenue generated by Beck or Acme is not part of his bankruptcy estate. As such, whether the Court enters an injunction against Acme and limits its ability to operate does not affect the Trustee's ability to administer the estate. Similarly, Acme's ability to operate post-petition has no bearing on the liquidation of Beck's bankruptcy estate. Since Beck filed under Chapter 7, his interest in Acme is valued as of the petition date.[27] Therefore, any post-petition injunction against Acme would not affect its liquidation value for purposes of Beck's bankruptcy case. In fact, the Trustee has already filed his final report, asserting that the estate has been fully administered and that all assets, including Beck's interest in Acme, have either

---

[21] ECF No. 43, ¶ 13.

[22] 28 U.S.C. § 157(b)(2)(A)-(P).

[23] *Id.* at (b)(3).

[24] *Id.* at (b)(1); *Mercury Companies, Inc. v. FNF Sec. Acquisition, Inc.*, 460 B.R. 778, 781 (D. Colo. 2011) ("Bankruptcy Courts have authority to enter orders and judgment in core proceedings.").

[25] *Harris v. Viegelahn*, 575 U.S. 510, 513 (2015).

[26] *Id.* at 513-14 (emphasis in original); 11 U.S.C. § 541(a)(1).

[27] *In re Donahue*, 110 B.R. 41, 44 (Bankr. D. Kan. 1990) ("This Court finds that the value of the property is to be determined at the time of the filing of the bankruptcy petition under Chapter 7").

4

been liquidated, exempted, or abandoned.[28] As such, the Court cannot find that the State's claim against Acme constitutes a core proceeding under § 157.

### 2. The Court Does Not Have Related to Jurisdiction

The State contends that even if this Court finds its claim isn't a core proceeding, it nonetheless has related to jurisdiction over the claim against Acme. Bankruptcy courts have jurisdiction over proceedings if the outcome could conceivably affect the administration of the bankruptcy estate.[29] As discussed above, an injunction against Acme would not affect the administration of Beck's bankruptcy estate. Therefore, the Court cannot find that it has related to jurisdiction over the State's claim against Acme.

### 3. The State's Alter Ego Claim

The State also asserts that because Acme is Beck's alter ego, the Court has jurisdiction over claims against Acme.[30] The Court does not agree. For the Court to have jurisdiction over Acme as Beck's alter ego, the State's recovery from Acme would have to affect the amount it receives from Beck's bankruptcy estate.[31] Here, the State is not seeking to recover anything from Acme. Instead, the State is seeking an injunction against it. As the Court already discussed, an injunction against Acme will not affect how much the State, nor any other creditor, will receive from Beck's bankruptcy estate. Therefore, the Court does not find that the State's claim that Acme is Beck's alter ego establishes that the Court has jurisdiction over its claim against Acme.

Because the Court does not have subject matter jurisdiction over claims against Acme, it must dismiss the State's claim against it. Since the Court will have to dismiss Acme from this proceeding for lack of subject matter jurisdiction, the Court will not address whether the State stated a claim against Acme upon which relief can be granted or if Acme is a necessary party to this proceeding.

## B.    Abstention

While it does not explicitly state that the Court should abstain from adjudicating this proceeding, Acme asserts that if the State were to initiate litigation against Acme in state court, all its claims could be litigated in a single proceeding. Acme also asserts that the state court would be the best court to adjudicate this proceeding, since this

---

[28] Bankr. Case No. 25-11438-MER, ECF No. 41.

[29] *In re Play Membership Golf, Inc.*, 576 B.R. at 21; *In re Garnder*, 913 F.2d at 1518; *see Celotex Corp. v. Edwards*, 514 U.S. at 308.

[30] ECF No. 41, ¶ 12.

[31] *In re Charles Evans Trucking, Inc.*, 595 B.R. 715, 724 (Bankr. S.D. Miss. 2018) ("Here, because recovery from the individuals could alter Evans Trucking's liabilities and influence the administration of the estate, related to jurisdiction exists . . . If a creditor's recovery from a non-debtor definitely will not affect the amount of its payment from a bankruptcy estate, the third-party action is not related to the bankruptcy proceeding.") (Internal quotations omitted).

Court lacks jurisdiction to hear the claim asserted against Acme.  The State argues that neither mandatory nor permissive abstention is appropriate because, among other things, Acme has not affirmatively moved for abstention nor demonstrated the required elements for it.  While the Court agrees that it is improper, at this time, to consider abstention because neither party has properly moved for it, the Court would entertain the question if any party filed a motion requesting it.

## CONCLUSION

Because the Court does not have subject matter jurisdiction over the State's claim against Acme, the Court must dismiss it.  Therefore,

THE COURT ORDERS the Motion is GRANTED.  The State's seventh claim for relief is DISMISSED as it relates to Acme.

THE COURT FURTHER ORDERS Acme is DISMISSED from this proceeding.

Dated February 9, 2026                    BY THE COURT:

                                                          Michael E. Romero, Judge
                                                          United States Bankruptcy Court